**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURTIS JOHNSON; GARY JOHNSON, | No. 18-17170 |
| Plaintiffs-Appellants, | D.C. No. 3:15-cv-02004-JSC |
| v. | **MEMORANDUM**[*] |
| SERENITY TRANSPORTATION, INC.; DAVID FRIEDEL; SERVICE CORPORATION INTERNATIONAL, INC.; SCI CALIFORNIA FUNERAL SERVICES, INC.; COUNTY OF SANTA CLARA, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted January 8, 2020
San Francisco, California

Before: W. FLETCHER and FRIEDLAND, Circuit Judges, and HILLMAN,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

Plaintiffs Curtis Johnson and Gary Johnson appeal the district court's denial of their motion for class certification against SCI California Funeral Services, Inc. ("SCI Cal"). We review the denial of a class certification order for an abuse of discretion, *see Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 926 (9th Cir. 2019), and affirm the district court.[1]

SCI Cal provides support services for preparing and transporting bodies for funeral homes. In the relevant class period, SCI Cal contracted with Serenity for mortuary drivers who could pick up and transport deceased persons. Serenity had drivers on twenty-four hour standby. When a client such as SCI Cal needed a driver to transport a decedent, it would call Serenity, which in turn would dispatch one of its on-call drivers to perform the transport. In 2016, SCI Cal was one of about eighty regular clients contracting with Serenity, and its business comprised less than fifteen percent of Serenity's gross revenue.

Plaintiffs are former drivers for Serenity who allege various federal and state labor violations against Serenity and SCI Cal. Plaintiffs allege liability against SCI

---

[1] SCI Cal's motion for certification to the state supreme court [D.E. 8] is **DENIED.** Amici Curiae The California Rural Legal Assistance Foundation, AAAJ—Asian Law Caucus, Legal Aid at Work, and California Employment Lawyers Association's motion for leave to file an amicus brief [D.E. 24] is **GRANTED.** Amicus Curiae Cemetery and Mortuary Association of California's motion to take judicial notice [D.E. 47] is **GRANTED.**

Cal under section 2810.3 of the California Labor Code, which provides that "[a] client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for . . . [t]he payment of wages." Cal. Lab. Code § 2810.3(b). A client employer is defined as "a business entity . . . that obtains or is provided workers to perform labor within its usual course of business from a labor contractor." *Id.* § 2810.3(a)(1)(A). A labor contractor is defined as "an individual or entity that supplies . . . a client employer with workers to perform labor within the client employer's usual course of business." *Id.* § 2810.3(a)(3). The "usual course of business" is defined as "the regular and customary work of a business, performed within or upon the premises or worksite of the client employer." *Id.* § 2810.3(a)(6). Plaintiffs allege that under § 2810.3, SCI Cal is a client employer liable for the labor violations of Serenity, a labor contractor.

The district court granted in part and denied in part class certification. *See Johnson v. Serenity Transp.*, No. 15-cv-02004, 2018 WL 3646540, at \*19 (N.D. Cal. Aug. 1, 2018). As relevant here, the district court denied certification of the proposed sub-class against SCI Cal, which is defined as "all persons from the class who were made available to SCI/SCI Cal between January 1, 2015 through class certification." *Id*. at \*6. SCI Cal had argued that the sub-class included drivers

3

who were on-call to be dispatched to SCI Cal, even if they never actually made a delivery for SCI Cal.  *Id.* at *17.

The district court held that Plaintiffs could not make a claim against SCI Cal under § 2810.3 for on-call liability based on Serenity's labor violations.  The court reasoned that § 2810.3's definitions of "client employer," "labor contractor," and "usual course of business" all "reference work that is *performed*."  *Id.* at *17 (emphasis in original).  In particular, the "usual course of business" for which the client employer obtains or is provided labor is work "performed within or upon the premises or the worksite of the client employer."  *Id.* (quoting Cal. Lab. Code § 2810.3(a)(6)).  This qualifier excluded liability for on-call time against SCI Cal because the time a driver spent awaiting a dispatch call to "*any* Serenity client" was not work "'performed on the premises or worksite' of SCI."  *Id.* at *19, *17 (emphasis in original).  Accordingly, common questions did not predominate in a sub-class defined as all drivers "made available" to SCI Cal.  *Id.* at *19; *see* Fed. R. Civ. P. 23(b)(3).  Although an individual driver who performed labor for SCI Cal, and was not merely "made available" by being on call for Serenity, could potentially show liability under § 2810.3, such an inquiry would be highly individualized.

We hold that given the language of § 2810.3 and its legislative history, *see Serenity*, 2018 WL 3646540, at \*18*,* the district court did not abuse its discretion. *See Senne*, 934 F.3d at 926.  In the relevant period, Serenity had about eighty regular clients, and SCI Cal comprised less than fifteen percent of Serenity's business during at least part of this time.  Although SCI Cal may be liable for the time during which Plaintiffs "performed" labor for it, the district court did not err in its bottom-line conclusion that § 2810.3 does not impose liability for the time during which members of the putative class, many of whom may have never actually completed a dispatch for SCI Cal during any given shift, awaited a dispatch to any one of Serenity's many clients.  The court's determination of the scope of liability under § 2810.3 was not a premature merits ruling, but the type of "rigorous analysis" of Rule 23 requirements that, in appropriate cases, district courts properly conduct in a class certification decision.  *Wal-Mart, Inc. v. Dukes*, 564 U.S. 338, 351–52 (2011); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011).

Plaintiffs also argue that the district court erred by indicating that it would deny class certification against Serenity for overtime, minimum wage, and meal and rest break claims in the event that the court found that Serenity is not liable for such claims during on-call time.  We hold that this issue is not presented at this

5

time.  Only if and when the court (1) determines that Serenity is not liable for such claims and (2) enters an order denying class certification, will the issue be presented.  *See* Fed. R. Civ. P. 23(f).

**AFFIRMED.**